IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STEVEN H. SHEETS and
PHILIP D. SHEETS,

      Plaintiffs,

vs.                              No. CV 17-01140 WJ/GBW

STATE OF NEW MEXICO, STEVE REYNOLDS,
LEMUEL MARTINEZ, PATRICK C. MCNERTNEY,
CHARLIE W. BROWN, THE HONORABLE CAMILLE
MARTINEZ OLGUIN, RAY TWOHIG, P.C.,
MARC GORDON, and LISA SCHATZ-VANCE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b)(6) on the Civil Rights Complaint filed by Plaintiffs Steven H. Sheets and Philip D. Sheets (Doc. 1) ("Complaint"). The Court will dismiss the Complaint.

In 2003, Plaintiff Steven Sheets pled guilty to Second Degree Murder (Firearm Enhancement), Conspiracy to Commit 1st Degree Murder, Tampering with Evidence, and Possession of a Firearm by a Felon, in New Mexico state court cause no. D-1329-CR-2001-00196. On January 15, 2004, Steven Sheets was sentenced to serve 38 years of incarceration with 3 years suspended, for a total of 35 years. (Doc. 1 at 29, 31). He is presently serving his sentence in the custody of the State of New Mexico Corrections Department. (Doc. 1 at 3, 17). Plaintiff Philip Sheets is the father of Steven Sheets and is proceeding in this case "as a third party, paying for the Defense of my son's case in State District Court." (Doc. 1 at 3).

Plaintiffs Steven and Philip Sheets filed their Complaint on November 15, 2017. (Doc. 1). Plaintiffs allege violations of the 4th, 5th, 6th, 8th, 13th, and 14th Amendments to the United States Constitution. (Doc. 1 at 3). Plaintiffs name, as Defendants, the State of New Mexico, Sandoval County Sheriff's Officer Steve Reynolds, District Attorney Lemuel Martinez, Deputy District Attorney Patrick C. McNertney, Deputy District Attorney Charlie Brown, Judge Camille Martinez Olguin, retained defense attorney, Ray Twohig, and Public Defenders Marc Gordon and Lisa Schatz-Vance. (Doc. 1 at 1-2). Plaintiffs allege Defendants engaged in judicial misconduct, prosecutorial misconduct, coercion to obtain confession, perjury, "subordination" to perjury, conspiracy to mislead the Grand Jury, conspiracy to over-charge and over-sentence, ineffective defense, and over charging fees. (Doc. 1 at 3). Plaintiff Steven Sheets seeks relief in the form of a writ of habeas corpus to be delivered into his father's custody, a refund of all fees collected by attorney Twohig, and compensation in the amount of $10,000,000. (Doc. 1 at 19).

## I. **PENDING MOTIONS**

Pending before the Court are Applications to Proceed in District Court Without Prepaying Fees or Costs filed by Steven Sheets (Doc. 2) and Philip Sheets (Doc. 3). However, the filing fee for this proceeding has been paid, in full. (Doc. 10). The Court will deny the Applications to Proceed as moot in light of the payment of the full filing fee.

Plaintiff Philip Sheets also filed a Motion for Summons. (Doc. 12). Without waiting for a ruling on the Motion, Philip Sheets then had the Clerk of the Court issue summons for all of the Defendants. The Court will also deny the Motion for Summons as moot in light of the Clerk's issuance of the requested summons to Philip Sheets.

Last, Plaintiff Philip Sheets, pro se, has filed a "Motion to Vacate or Set Sdide (sic) Sentence 28 U.S.C. 2255," asking the Court to "remove Plaintiff Steven H. Sheets from State

2

custody, as he is now serving time for Conspiracy to commit First Degree Murder." (Doc. 11). The Court will deny the Motion to Vacate. First, Philip Sheets may not prosecute a motion on behalf of his son. *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011). Second, a motion to vacate or set aside a conviction under 28 U.S.C. § 2255 may only be brought by a prisoner in federal custody under a sentence of a federal court. 28 U.S.C. § 2255(a). Because Steven Sheets is a prisoner in state custody under a sentence of a state court, he cannot seek relief under § 2255.

## II. THE COMPLAINT FAILS TO STATE A CLAIM AND ANY RELIEF IS BARRED

The Court may dismiss a pro se complaint *sua sponte* for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th

Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

### A. **Plaintiff Philip Sheets May Not Proceed On Behalf of Steven Sheets and the Complaint Fails to State Any Claim for Relief by Philip Sheets**

Philip Sheets, proceeding pro se, is named as a Plaintiff in this case. He claims to have standing because he has paid for his son, Steven Sheets' criminal defense costs in state court. (Doc. 1 at 3). Many of the filings in this case have been submitted by Philip Sheets on behalf of Steven Sheets. *See, e.g.,* Doc. 2, 11.

The right of an individual plaintiff to proceed pro se in a civil action in federal court is guaranteed by law. 28 U.S.C. § 1654. However, because proceeding *pro se* means to appear for one's self, a person may not appear on another person's behalf. An individual appearing pro se may only litigate an interest personal to him. *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011).

In *Fymbo v. State Farm Fire and Casualty Co.,* 213 F.3d 1320 (10th Cir.2000), the Tenth Circuit concluded that a litigant may bring his own claims to federal court without counsel, but not the claims of others because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.' " *Id.* at 1321 (quoting *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975)); *see also* 7A Wright & Miller, Federal Practice and Procedure: Civil § 1769.1 (citing cases for the rule that class representatives cannot appear pro se). Philip Sheets may only assert his own claims and may not act on behalf of his son, Steven Sheets, in this proceeding.

Further, even though Philip Sheets has the right to assert his own individual claims, the Complaint does not state any claim for relief on behalf of Philip Sheets. The only allegations in

the Complaint that might, conceivably, support a claim by Philip Sheets relate to overcharging of fees paid by Philip Sheets to retained defense counsel Twohig:

> "Defendant Ray Twohig, Esq. used ignoring the Court's Deadlines to over-charge fees for more than a year. This is also against A.B.A. Model Code of Professional Responsibility EC 2-17, EC 2-32 and Standard 4-3.3(c), 'it is unprofessional conduct for a lawyer to enter into an agreement for, <u>charge, or collect an illegal or clearly excessive fee</u>.'"

(Doc. 1 at 18)(emphasis in the original). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). These allegations do not state any violation of U.S. Constitutional rights by any governmental actor, and Philip Sheets cannot proceed under 42 U.S.C. § 1983 on those allegations. The allegations of the Complaint do not state any plausible claim for § 1983 relief by Philip Sheets and any claims by Philip Sheets must be dismissed. *Twombly*, 550 U.S. at 570.

**B. <u>The Complaint Fails to State Any Claim for Relief</u>**

    **1.** *<u>The Claims Against Judge Olguin are Barred by Judicial Immunity</u>***:**

Plaintiffs name District Court Judge Camille Martinez Olguin as a Defendant. They allege that, because she shares the same surname with the District Attorney, Lemuel Martinez, and the murder victim, Valerie Martinez, Judge Olguin should have recused herself from Steven Shields' criminal case under A.B.A. Standards for Criminal Justice, Standard G-17. (Doc. 1 at 9). Plaintiffs also claim that Judge Olguin erred in excluding evidence and did not follow A.B.A.

Standard 6-1.1(a) in the criminal case. (Doc. 1 at 9-10, 11). Plaintiffs' claims against Judge Olguin are barred by the doctrine of judicial immunity.

Plaintiff's civil rights claims against a judicial officer acting as a judge are clearly barred by absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990); *Hunnicutt v. Sewell,* 147 N.M. 272, 277-78, 219 P.3d 529, 534-45 (Ct. App. 2009). It is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, with 42 U.S.C. § 1983 claims as well as state law claims. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986); *Collins on Behalf of Collins v. Tabet,* 111 N.M. 391, 396, 806 P.2d 40, 45 (1991). Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35. Plaintiffs seek to recover damages against Judge Olguin for acts that were unquestionably made in the exercise of judicial discretion. Any claims against Judge Olguin are barred by absolute judicial immunity.

### 2. *The Claims Against District Attorneys Martinez, McNertney, and Brown are Barred by Prosecutorial Immunity*:

Plaintiffs also allege claims against the prosecutors in his criminal case, District Attorney

Lemuel Martinez, Deputy District Attorney Patrick McNertney, and Deputy District Attorney Charlie W. Brown. Plaintiffs claim that "If Mr. Lemuel Martinez, or Patrick McNertney, had been 'Honorable' men, [Steven Sheet's counsel] would have receive a '*NOLLE PROSEQUI*' within days." (Doc. 1 at 4). Plaintiffs also assert that McNertney gave misleading or less than adequate direction to the Grand Jury and gave a nolle prosequi to a co-defendant. (Doc. 1 at 6, 8). Last, Plaintiffs claim that Deputy District Attorney Charles W. Brown "prepared an order for the Judge to sign." (Doc. 1 at 10).

Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006); *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485, 111 S.Ct. 1934 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896); *Collins,* 111 N.M. at 396, 806 P.2d at 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

All allegations against District Attorneys Martinez, McNertney, and Brown are for actions taken that are intimately associated with the judicial phase of the criminal process. The claims against Defendants Martinez, McNertney, and Brown are barred by prosecutorial immunity.

### 3. *Defense Attorneys Twohig, Gordon, and Schatz-Vance Do Not Act Under Color of State Law*:

Plaintiffs name Steven Sheets' retained criminal defense counsel, Ray Twohig, and Public Defenders, Marc Gordan and Lisa Schatz-Vance, as Defendants. The sole allegations against Public Defenders Marc Gordon and Lisa Schatz-Vance are that Steven Sheets' co-

7

defendants did not serve time for conspiracy and "Defendants Marc Gordan, Esq. and Lisa Schatz-Vance, Esq. are guilty of unprofessional conduct under Standard 4-3.9 by doing nothing." (Doc. 1 at 17). The allegations against attorney Twohig are more extensive, but all assert actions or inactions on the part of Twohig in connection with the defense of Steven Sheets' criminal case. *See*, *e.g.*, Doc. 1 at 5, 6, 9-11.

Section 1983 states:

> "Every person who, **under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia,** subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added). The U.S. Supreme Court has held that public defenders cannot be sued under § 1983 because they do not act under color of state law. *See, Polk County. v. Dodson,* 454 U.S. 312, 315, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Retained defense counsel and public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to the defendant in a criminal proceeding. *Polk,* 454 U.S. at 325.

The Complaint makes no allegations against Defendants Twohig, Gordan, and Schatz-Vance other than that they were performing a lawyer's traditional functions as defense counsel for Steven Sheets in the state criminal proceeding. Because Plaintiffs' claims are all based on allegations regarding the functions of counsel in his criminal case, Defendants Twohig, Gordan, and Schatz-Vance are not state actors and the complaint against them fails to state a § 1983 claim for relief. *Polk,* 454 U.S. at 325.

### 4. *There is no § 1983 Remedy Against the State of New Mexico*:

Plaintiffs name the State of New Mexico as a Defendant in this case. (Doc. 1 at 1). The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy

against the State under § 1983. Therefore, the claims against the State of New Mexico will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

### 5. *Steven Sheets' Claims are Barred by Heck v. Humphry*:

In *Heck v. Humphry,* 512 U.S. 477, 487 (1994), the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

Plaintiffs' Complaint attacks Steven Sheets' criminal conviction and sentence and seeks compensatory damages from the judge, prosecutors, and defense counsel. Plaintiffs' requested relief clearly implies the invalidation of Steven Sheets' conviction and sentence. Because a favorable ruling on Plaintiff's claims would require treating the sentence in Thirteenth Judicial District cause no. D-1329-CR-2001-00196 as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999). All claims are barred by *Heck* and, therefore, fail to state a claim upon which relief can be granted under Rule 12(b)(6).

### 6. *Plaintiffs' Claims are Barred by the Statute of Limitations Governing Section 1983 Civil Rights Claims*:

Civil rights claims arising in New Mexico under § 1983 are governed by the three-year personal injury statute of limitations contained in N.M.Stat.Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014). A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause. *Varnell,* 756 F.3d at 1216. The extent of the injury is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury. *Wallace v. Kato,* 549 U.S. 384, 391 (2007); *Harvey v. United States,* 685 F.3d 939, 949 (10th Cir. 2012). In this case, the applicable statute of limitations for Plaintiff's claims under § 1983 is the three-year statute of limitations of § 37-1-8.

A pleading may be subject to dismissal when an affirmative defense, such as statute of limitations, appears on the face of the complaint or petition. *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009). Where the defense of statute of limitations appears on the face of the pleading, the complaint is properly dismissed for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6). *Vasquez Arroyo v. Starks,* 589 F.3d at 1096.

In this case, the Judgment on Plaintiff Steven Sheets' sentence and commitment was entered on January 15, 2004. (Doc. 1 at 23). As alleged, all of the claims asserted in Plaintiffs' Complaint arise out of the prosecution of Steven Sheets prior to the Judgment and Plaintiffs were aware of the claims no later than January 15, 2004. *See,* e.g., Doc. 1 at 6 (" On June 6, 2001 . . .They [Defendant Reynolds and other detectives] coerced a confession, against my 'Miranda Rights'! I later discussed this with Mr. Twohig"). Plaintiffs' Complaint was not filed until November 15, 2017, more than thirteen years after the events giving rise to the Complaint. Therefore, even if Plaintiffs' claims were not barred on multiple other grounds, all claims are

barred by the 3-year statute of limitations in N.M.Stat.Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d at 1212.

### 7. *Steven Sheets May Not Seek Habeas Corpus Relief*:

In the Request for Relief, Plaintiff Steven Sheets asks the Court to "[i]issue a Writ of *Habeas Corpus* upon the Warden of LCCF." (Doc. 1 at 19). Steven Sheets may not obtain habeas corpus relief in a § 1983 action. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973). A prisoner in state custody may only seek habeas corpus relief in federal court under 28 U.S.C. § 2254. *Id.* at 500.

The Court could construe Steven Sheets' request as a petition for relief under § 2254. However, Steven Sheets' criminal conviction and sentence became final in 2004. (Doc. 1 at 23). Plaintiffs do not claim any newly discovered factual predicate and, instead, aver that the facts allegedly underlying the Complaint were known to Steven Sheets prior to and at the time of the conviction. *See* Doc. 1 at 6. Any § 2254 request for relief, brought fourteen years after the conviction and sentence became final, would be time-barred. 28 U.S.C. § 2244(d)(1). Construing Steven Sheets' request for habeas corpus relief as a petition under § 2254 would be futile.

### III. THE COURT WILL NOT GRANT LEAVE TO AMEND

Ordinarily, the Court is to consider whether to allow a pro se plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias,* 379

F.3d 892, 901 (10th Cir. 2004). Because Plaintiffs' claims will always be barred either by the statute of limitations or by *Heck v. Humphry,* 512 U.S. 477, 487 (1994), any amendment of Plaintiffs' Complaint would be futile and the Court will not grant leave to amend.

**IT IS ORDERED**:

(1) the Application to Proceed in District Court Without Prepaying Fees or Costs filed by Steven Sheets (Doc. 2), Application to Proceed in District Court Without Prepaying Fees or Costs filed by Philip Sheets (Doc. 3), Motion to Vacate or Set Sdide (sic) Sentence 28 U.S.C. 2255 (Doc. 11), and Motion for Summons (Doc. 12) are **DENIED**; and

(2) the Civil Rights Complaint (Doc. 1) and all claims and causes are **DISMISSED** with prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE